IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAMICA POINDEXTER, )<br>Petitioner, ) | Civil Action No. 7:06-cv-00127 |
| v. ) | OPINION |
| UNITED STATES OF AMERICA, )<br>Respondent. ) | By: Hon. Norman K. Moon<br>United States District Judge |

Petitioner Shamica Poindexter, a federal inmate proceeding pro se, submitted this pleading styled as a "motion for the allowance to file a writ of habeas corpus." Upon review of the pleading and court records, the court will dismiss petitioner's motion without prejudice as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255.

Poindexter previously filed a § 2255 motion, which the court dismissed in December 2005 as untimely filed. *See* Civil Action No. 7:05-cv-00423. Poindexter did not appeal that disposition. Poindexter argues that because her lack of legal knowledge kept her from filing a timely § 2255 motion, she should now be allowed to place before the court all the reasons that she believes her sentence should be modified or vacated.

Poindexter is apparently requesting the application of equitable tolling of the statutory filing period under § 2255 para. 6. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. *See Harris*, 209 F.3d at 330.

Under these principles, the court cannot find any ground upon which invocation of equitable

1

tolling would have been warranted in Poindexter's initial § 2255 case. The fact that she did not discover the existence of the time limit is insufficient to warrant tolling the statute. In any event, her current § 2255 motion is a second or successive one. Therefore, this court is precluded from addressing it, pursuant to § 2255 para. 8. To file a successive § 2255 motion, Poindexter must first obtain certification from the United States Court of Appeals for the Fourth Circuit. As she does not present such certification with her current submission, the court may not address it as a § 2255 action. The court will dismiss the action without prejudice as a successive motion. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this opinion and the accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 19th day of April, 2006.

_____
United States District Judge

2